**LARONGE, INC., Plaintiff-Appellee, v. ALBRECHT et al, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24038.   Decided March 7, 1957.

Ulmer, Berne, Laronge, Glickman & Curtis, for plaintiff-appellee.
Roudebush, Adrion, Brown, Corlett & Ulrich, for defendant-appellant.

## OPINION

By HURD, J:

This is an appeal to this court on questions of law from a judgment of the Common Pleas Court overruling a motion to discharge attachment.

The plaintiff filed a petition for money only against the defendant, Olive E. Albrecht, for recovery of real estate broker's commission alleged to be due the plaintiff and obtained an attachment of defendant's funds in this state by filing an affidavit in attachment under §2715 R. C., alleging the defendant to be a non-resident of this state; and that the claim of plaintiff is a debt or demand arising upon contract.

Defendant filed a motion to discharge plaintiff's attachment, supported by an affidavit, which denied plaintiff's right of attachment and, in substance, stated that at the time of the attachment, there was no valid or enforceable contract in existence and that defendant was not indebted to plaintiff in any sum whatsoever. However, the defendant attached to her affidavit a copy of the contract, marked "Exhibit A," which upon examination shows that is the contract upon which plaintiff relies. When defendant's motion to discharge attachment came on for hearing, it was admitted that the defendant was a non-resident of the State of Ohio.

The Court of Common Pleas overruled defendant's motion to dis-

charge the attachment, whereupon appeal was perfected to this court

To support her contention that the motion to discharge the attachment should have been granted, defendant relies solely upon the case of Heald v. Goebel, et al, 89 Oh Ap 12, 96 N. E. (2d) 208, decided by this court August 16, 1950.

In our opinion, the Heald v. Goebel case, supra, must be distinguished from the instant case. The ratio decidendi of that case has to do only with the question of whether there exists the statutory grounds as a prerequisite to attachment as provided in §2715.01 R. C. Our holding in that case had nothing to do with the merits of the case.

In the Heald case, we held, as appears by the syllabus, that when an affidavit is filed by a defendant contesting the right of attachment, the burden devolves upon the one seeking the attachment to proceed with evidence to sustain the same. In that case, there was complete denial of any contract existing between the parties and a denial of any dealings of any kind. In the instant case, the defendant, by attaching a copy, admitted the existence of a contract but denied liability under it. By her admissions, therefore, the grounds of attachment are present, namely, non-residence and a claim arising ex contractu. Therefore, we find no error in the judgment of the Court of Common Pleas in overruling the motion to discharge the attachment.

We do not decide any questions here as to the respective claims of the parties on the merits. Such questions must be determined when the issues are properly joined in the trial of the case. Holding these views, the judgment of the Court of Common Pleas is affirmed.

Judgment affirmed. Exceptions. Order see journal.

SKEEL, PJ, KOVACHY, J, concur.